UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROCKET SOFTWARE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. ___ |
| v. ) | |
| ) | Jury Trial Requested |
| ROCKET GANG, INC., and ) | |
| PATRICK MCDERMOTT, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Rocket Software, Inc., a Delaware corporation, hereby brings this action against Defendants, Rocket Gang, Inc., an Arizona corporation, and Patrick McDermott, an individual residing in Arizona, for trademark infringement, false advertising, and unfair competition in violation of federal and Massachusetts law, and alleges as follows:

### Parties Jurisdiction and Venue

1. Plaintiff, Rocket Software, Inc. ("Rocket") is a corporation duly organized and existing under the laws of Delaware with a principal place of business at 275 Grove Street, Newton, Massachusetts.

2. Defendant, Rocket Gang, Inc. ("RGI") is an Arizona corporation with its principal place of business at 14362 North Frank Lloyd Wright Blvd., Suite 1000, Scottsdale, AZ 85260.

3. Defendant, Patrick McDermott ("McDermott") is an individual who upon information and belief is the principal of RGI and resides in Arizona with a business address at 12244 E. Palomino Road, Scottsdale, Arizona 85259.

1

Case 1:11-cv-10454   Document 1   Filed 03/16/11   Page 2 of 11

4. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367.

5. Personal jurisdiction in this district is proper as the Defendants have solicited and conducted business in Massachusetts and thereby have sold infringing products and/or services into the Commonwealth, thereby purposely availing themselves of the privileges of acting in Massachusetts. Additionally, this Court has personal jurisdiction over the Defendants under the Massachusetts long arm statute, M.G.L. c.223A §3 as the Defendants regularly do and solicit business in Massachusetts, and because Defendants practice the unlawful conduct complained of herein within the Commonwealth. Further, Defendants regularly and systematically direct electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, as well as, upon information and belief, entry into contracts with residents of the Commonwealth for the sale of products or services.

6. Venue in this district is proper under 28 U.S.C. § 1391(b).

**Facts Common to All Counts**

7. Rocket is, and has been for many years, an independent software development organization providing a broad spectrum of integrated, value-added software development and support services to leading software original equipment manufacturers (OEMs) and directly to commercial customers in the United States and worldwide.

8. In connection with its national business operations, Rocket has continuously used in interstate commerce the mark "ROCKET" and other related marks (the "Rocket Marks") since October, 1990.

2

9. Rocket owns the following United States federal trademark registrations for the Rocket Marks:

   a. Registration number 1,690,753 (ROCKET) granted June 2, 1992 in International Class 9 for computer programs prerecorded on tapes, disks, diskettes, cartridges, cassettes and other machine readable media and instructional manuals sold as a unit for use in database administration

   b. Registration number 2,062,841 (ROCKET SHUTTLE) granted May 20, 1997 in International Class 9 for computer software for use by businesses, software developers and database administrators, which allows the user to access data from various databases and to use and manage that data on graphical user interface platforms

   c. Registration number 2,7,69,300 (ROCKET.EQUERY) granted Sept 30, 2003, in International Class 9 for computer software for use by businesses and users to access data from various databases and to use and manage that data on graphical user interface platforms

   d. Registration number 3,087,787 (ROCKET.SECURITYSHADES) granted May 2, 2006, in International Class 9 for computer software for the purposes of personal security, namely the securing of computer programs by means of screen manipulation and obfuscation

   e. Registration number 3,271,565 (ROCKET and design) granted July 31, 2007 in International Class 9 for 16, 41 and 42 for variety of computer software related goods and services

   f. Registration number 3,282,428 (ROCKET) granted August 21, 2007 in International Classes 9, 16, 41 and 42 for variety of computer software related goods and services.

10. Registration Nos. 1690753 (ROCKET), 2062841 (ROCKET.SHUTTLE), and 2769300 (ROCKET.EQUERY) have each become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

11. Rocket sells its software and related services to customers around the world and across a multitude of industries via various channels of trade including direct

sales to individuals and businesses, resellers, partners, and through original equipment manufacturer ("OEM") arrangements.

12. Rocket's customers include leading global software and hardware companies, the largest of which is International Business Machines Corp. ("IBM").

13. With respect to IBM, Rocket software developers and sales executives work with executives and software development teams at IBM with respect to the following IBM business software lines: DB2 Tools, IMS, Tivoli, and Rational software.

14. Defendant RGI is a reseller of IBM's Rational software application development tools and services, and provides training and consultation on such tools.

15. Upon information and belief, Defendant McDermott is RGI's founder and President.

16. Despite Rocket's long standing national trademark rights in the Rocket Marks, RGI and McDermott adopted the designation "Rocket Gang" (the "Infringing Designation") to advertise its business.

17. RGI uses the infringing designation on all of its advertising, including its website and domain name [www.rocketgang.com](www.rocketgang.com), as well as at software development conferences and expositions held in Massachusetts and throughout the United States.

18. Upon information and belief, RGI has sold services and products into the Commonwealth of Massachusetts, and throughout the United States, using the Infringing Designation.

19. In connection with RGI's use of the Infringing Designation, software developers and executives at IBM and other companies have confused RGI personnel and products with that of Rocket, to the harm of Rocket.

4

20. Notwithstanding Rocket's prior existing federal trademark registrations, on December 17, 2007, McDermott filed Application Ser. No. 77-353,712 with the United States Patent and Trademark Office ("USPTO") for registration of the Infringing Designation for use in connection with "computer software design, computer programming, or maintenance of computer software" in International Class 042. The application alleged first use of the Infringing Designation on March 18, 2005, and first use in interstate commerce on May 6, 2005.

21. Rocket did not learn of RGI's use of the Infringing Designation until June of 2008.

22. On June 13, 2008, Rocket delivered a letter to Patrick McDermott demanding: (i) that he and RGI immediately cease and desist from all use of the Infringing Designation; and (ii) that McDermott voluntarily abandon his application to register the Infringing Designation pending at the USPTO.

23. Neither McDermott nor RGI responded to Rocket's June 13, 2008 letter, and McDermott was issued United States Trademark Registration No. 3,475,964 on July 29, 2008, for the Infringing Designation (the "RGI Registration").

24. On May 20, 2009, Rocket filed with the Trademark Trial and Appeal Board of the USPTO a Petition to Cancel the RGI Registration, which proceeding was assigned Cancellation No. 92-050999 and styled as *Rocket Software, Inc. v. Patrick McDermott* (the "Cancellation Proceeding").

25. Despite Rocket's demands to RGI to cease use of the Infringing Designation and the Cancellation Proceeding, RGI continues to cause Rocket irreparable

harm by RGI's past, present and future sales of goods and services using the Infringing Designation.

## COUNT I
## Federal Trademark Infringement
## (Violation of 15 U.S.C. § 1114)

26. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendants have, without the consent of Plaintiff, used in commerce marks confusingly similar to Plaintiff's registered trademarks in connection with the sale and offering for sale of computer software related products and services, which use is likely to cause confusion, or to cause mistake or to deceive.

28. Defendants' acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

29. Defendants' acts have been intentional, willful and in bad faith.

30. The aforesaid acts of Defendants have caused, and are causing, great and irreparable harm and damage to Plaintiff, and unless permanently restrained by this Court, said irreparable injury will continue.

31. Plaintiff has no adequate remedy at law.

## COUNT II
## Federal Unfair Competition and False Designation of Origin
## (Violation of 15 U.S.C. § 1125(a))

32. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 31 of this Complaint.

33. The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). These acts of the Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products and services by Plaintiff.

34. The aforesaid acts of Defendants constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Plaintiff's products/services and other commercial activities.

35. The aforesaid acts of Defendants are causing or will cause, severe and irreparable harm and damage to Plaintiff, and, unless permanently restrained by this Court, said irreparable injury will continue.

36. Plaintiff has no adequate remedy at law.

**COUNT III**
**Unfair Competition under Massachusetts Law**
**(Violation of M.G.L. c. 93A)**

37. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 as if fully set forth herein.

38. By reason of the foregoing, the Defendants have engaged, and continue to engage, in acts of unfair and deceptive competition in violation of Massachusetts law.

39. Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

40. Such conduct on the part of the Defendants has caused and will continue to cause damage to Plaintiff.

## COUNT IV
## Trademark Infringement under Massachusetts Common Law

41. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 40 as if fully set forth herein.

42. As alleged above, Defendants have infringed Plaintiff's senior common law trademark rights in the Rocket Marks with the intent to deceive the public into believing that Defendants' products and services were offered by, approved by, sponsored by or affiliated with Plaintiff.

43. By reason of Defendants' acts alleged herein, the distinctiveness of the Rocket Marks has been diluted and Plaintiff's reputation has been harmed. Consequently, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, for which Plaintiff has no adequate remedy at law.

44. Such conduct on the part of the Defendants has caused and will continue to cause irreparable harm to Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants:

A. That Defendants, and each or any of Defendants' officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be permanently enjoined and restrained from:

    (1) using on or in connection with the advertising, promotion, offering for sale, sales or distribution of any computer software products or services, the Infringing Designation or any variations thereof or anything confusingly similar thereto or to any of Plaintiff's trademarks, including but not limited to, the Rocket Marks, or any variations thereof or anything confusingly similar thereto;

    (2) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that the Defendants' products or services are those of Plaintiff, or that there is any affiliation or connection between Plaintiff and its products or services and those of Defendants, and from otherwise unfairly competing with Plaintiff; or

    (3) causing to be advertised, published or disseminated by any means any false or misleading representations as to the existence of any relationship between Defendants and Plaintiff, or between any products or services of Defendants and any products or services of Plaintiff;

  B. That Plaintiff recover (1) Defendants' profits, (2) all damages sustained by Plaintiff as a result of Defendants' wrongful conduct, and (3) the costs of this action pursuant to 15 U.S.C. § 1117;

C.     That Plaintiff recover such additional sums as the Court shall find to be just, up to three times Plaintiff's actual damages, given the egregious, willful and intentional nature of the acts of Defendants, pursuant to 15 U.S.C. § 1117;

D.     That Plaintiff have and recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, given the exceptional nature of Defendants' egregious and willful infringement;

E.     That Defendant be required to recall from any and all channels of trade any and all infringing advertising or promotional materials or other infringing matter, and to take affirmative steps to dispel any false suggestion of a connection to Plaintiff by virtue of its infringing activities, including, but not limited to, all necessary and appropriate corrective advertising measures;

F.     Instructing the United States Patent and Trademark Office to cancel Defendant McDermott's United States Trademark Registration No. 3,475,964; and

G. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY
FOR ALL ISSUES SO TRIABLE.**

Respectfully submitted,

ROCKET SOFTWARE, INC.

By its attorneys,

/s/ Ralph Gaboury
Ralph N. Gaboury, Esq. (BBO #655431)
THE DORF LAW FIRM, LLP
740 West Boston Post Road, Suite 304
Mamaroneck, NY 10543
Phone: 914-381-7600
Fax:    914-381-7608
Email: rgaboury@dorflaw.com

Dated: March 16, 2011